**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**



**KRISTINE McADORY**                                                **PLAINTIFF**

**v.**                                               CIVIL ACTION NO. 3.14cv864 CWR-FKB

**BANCORPSOUTH, INC.**                                         **DEFENDANT**

**COMPLAINT
JURY TRIAL DEMANDED**

**COMES NOW** the Plaintiff, Kristine McAdory, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of her rights under Title VII, the ADEA and the ADA. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1.      Plaintiff, Kristine McAdory is an adult female who resides in Winston County at 110 Pecan Drive, Louisville, MS 39339.

2.      Defendant, BancorpSouth, Inc. is a Mississippi Corporation and may be served with process through its Registered Agent, Cathy S. Freeman, One Mississippi Plaza, 201 South Spring Street, Tupelo, MS 38802.

**JURISDICTION AND VENUE**

3.      This Court has federal question and civil rights jurisdiction and venue is proper in this court.

4.      Plaintiff timely filed a Charge of Discrimination with the EEOC for Age Discrimination, Disability Discrimination and Retaliation on January 27, 2014, a true and correct copy of which is attached as Exhibit "A."  Plaintiff received a Notice of Right to

Sue from the EEOC on September 22, 2014, a true and correct copy of which is attached as Exhibit "B."

5.      Plaintiff timely files this cause of action within the appropriate statute of limitations for claims arising under Title VII, the ADEA and the ADA.

## STATEMENT OF FACTS

6.      Plaintiff was hired by Defendant in June 2000 as a bank teller.

7.      Plaintiff was on medical leave from September 11, 2013 until December 15, 2013 for surgery on both hands.  During this time, October 25 and 28, 2013, Plaintiff was a witness in an ongoing Title VII EEOC charge against Defendant as a part of which Larry Turner with the EEOC interviewed Plaintiff about the EEOC charge of Clara Hampton against Defendant which was under investigation at that time.

8.      On December 30, 2013, Plaintiff became involved in a misunderstanding with another bank employee, Beverly Jernigan.  This argument took place before the bank opened and was recorded on bank surveillance cameras.  Beverly Jernigan yelled at the Plaintiff but the Plaintiff did not respond in kind.

9.      Plaintiff was summarily terminated on January 8, 2014, purportedly for not upholding Rules 5.1 and 5.20.  Section 5.1 states that "Each officer and employee must conduct his/her personal affairs so that there can be no opportunity for unfavorable reflection upon the Bank…"  Section 5.20 states, "Misconduct by employee may be addressed through corrective and progressive disciplinary action **or** (emphasis added) immediate termination of employment."

10.     Plaintiff has worked for Defendant for almost 14 years and has only one write-up during that time.  It was not until she was called to give testimony in a co-

2

worker's pending Title VII EEOC charge that Plaintiff began experiencing negative vibrations from her employer.

11.     In fact, Plaintiff's yearly reviews show that she gets along very well with her co-workers and has a great customer relationship.  The teller reports show that she had the fewest errors from both branches.

12.     Plaintiff filed for unemployment and was initially denied.  She appealed and was awarded unemployment benefits.  The administrative law judge ruled that at the hearing, Defendant did not present any witnesses, any sworn statement of any witnesses, or any direct evidence of the allegations regarding the Plaintiff's personal conduct arising to the level of misconduct connected with the work.  Defendant is now collaterally estopped based upon the MDES' findings of fact.

13.     Defendant stated that they had conducted an investigation, but when asked by the administrative law judge if any evidence existed to support their position or if anyone from the bank had spoken with Plaintiff to hear her side, the answer was, "No."

14.     Defendant also accused Plaintiff of improper contact with a customer on December 30, 2013.  When Plaintiff asked for the name of the supposedly disgruntled customer, Defendant refused to produce the name.  Defendant is now bound by the determination of the MDES.

## COUNT I – VIOLATION OF TITLE VII - RETALIATION

15.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 14 above as if fully incorporated herein.

3

16.     Beverly Jernigan, a younger and non-disabled employee, who had worked for Defendant for only a year was not terminated.  She was put on probation on January 8, 2014.  She had been written up previously for customer complaints and not keeping bank information confidential.  On the same day that Plaintiff was terminated, Beverly Jernigan was put on probation.

17.     Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

18.     The acts of the Defendant constitute a willful intentional violation of  42 U.S.C. § 2000(e) *et seq.*, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## COUNT I I - VIOLATION OF THE ADA

19.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 18 above as if fully incorporated herein.

20.     The Defendant violated the ADA by terminating Plaintiff for taking medical leave based on her disability.

21.     The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## COUNT III - AGE DISCRIMINATION

22.     Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 21 above as if fully incorporated herein.

23.     Defendant's actions constitute intentional discrimination on the basis of age in violation of the ADEA.  Specifically, Plaintiff is over the age of 40 and is more than qualified for her position with Defendant after almost 14 years of dedicated service.

Other similarly situated younger employees who committed the same offense were not terminated.

.24.   The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

**PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1.   Back wages or reinstatement; or
2.   Future wages in lieu of reinstatement;
3.   Compensatory damages;
4.   Liquidated damages;
5.   Punitive damages;
6.   Attorney's fees;
7.   Costs and expenses; and
8.   Such further relief as is deemed just and proper.

THIS the 5th day of November 2014.

Respectfully submitted,

Kristina McAdory, Plaintiff

By:   Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, MS 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com.com
Web:  www.watsonnorris.com

5